UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-129 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Frantz Pierre (1), Christopher Torh(3), Junior Tervil (4), | |
| Defendants. | |

Karen Schommer, Assistant United States Attorney, for Plaintiff.
Robert W. Owens, Jr. for Defendant Pierre
Thomas Plunkett for Defendant Torh.
Daniel Gerdts for Defendant Tervil.

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 9, 2013 on the parties' pretrial motions. Defendants Pierre, Torh and Tervil brought motions to suppress the financial records that were seized during the course of the Government's investigation into their alleged involvement with a multi-million dollar tax-fraud scheme. ECF Nos. 94, 105 and 107. In support of these motions, Pierre, Torh and Tervil submitted supplemental memoranda on October 17, 2013. ECF Nos. 123, 125 and 127. The Government filed a supplemental opposition memorandum on October 25, 2013. ECF No. 129. These motions were referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that the Defendants' motions be **DENIED**.

**I. BACKGROUND**

In May 2011, the United States Government began investigating a suspected tax-fraud conspiracy in Minnesota. ECF No. 129 at 2. Over the course of two years, the Government executed more than 100 grand jury subpoenas. *Id.* These subpoenas were served on banks, internet service providers, municipal authorities and more. *Id.* Three grand jury subpoenas are highlighted by the Defendants: the first, addressed to Wells Fargo Bank, is dated June 1, 2011; the second, addressed to Bank of America, is dated June 2, 2011; and the third, addressed to Comcast Communications, is dated June 3, 2011. ECF No. 123, Ex. 1-3. All three direct the recipient to appear in person before the grand jury on June 20, 2011 *or* to provide the documents requested to a special agent at a specified office location. *Id.* On May 21, 2013, a grand jury returned an indictment against the defendants, charging conspiracy to defraud the government (count one) and monetary transactions in criminally deprived property (count two). ECF No. 1. Based on the grand jury testimony of Special Agent Nathan Price, it appears that the information collected by grand jury subpoena during the Government's two-year investigation was not presented to a grand jury at the time it was obtained. Rather, the information was summarized before the grand jury on May 21, 2013. ECF No. 125, Ex. B.

The Defendants make two primary arguments: (1) the Government's seizure of their financial records violated their Fourth Amendment right against unreasonable seizure; and (2) the investigation process utilized by the Government violated the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422. *See* ECF Nos. 123, 125 and 127. These arguments will be addressed in turn.

## II. ANALYSIS

### A. Defendants' Pierre and Tervil lack standing to challenge seizure of their bank records on Fourth Amendment grounds.

Pierre and Tervil argue that their Fourth Amendment rights were violated by the

Government's seizure of their bank records.[1] ECF Nos. 123 and 127. Citing *United States v. Wilson*, the Government contends that the merits of this argument need not be reached because the Defendants do not have standing to challenge the subpoenas on Fourth Amendment grounds. 806 F.2d 171, 175 (8th Cir. 1986). ECF No. 129 at 3. The Court agrees.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A seizure is unlawful when a plaintiff has a legitimate expectation of privacy in the items seized. *Smith v. Maryland*, 442 U.S. 735, 740 (1979); *see also United States v. Bach*, 310 F.3d 1063, 1066 (8th Cir. 2002). In *United States v. Miller*, the United States Supreme Court held that one has no legitimate expectation of privacy in the contents of bank records. 425 U.S. 435, 442 (1976). "This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities . . . ." *Id.* at 443. Thus, as noted in *Wilson*, "[a]ny challenge to [the production of the bank records] would have to be raised by the bank." 806 F.2d at 175. For this reason, Pierre and Tervil lack standing to challenge the seizure of their bank records on Fourth Amendment grounds. *Best v. Johnson*, 2004 U.S. Dist. LEXIS 21187 (E.D. Ark. Oct. 8, 2004) (holding that arguments in favor of suppressing bank records were foreclosed by *Wilson* and *Miller*.) The Defendants motion to suppress their financial records on Fourth Amendment grounds should be denied.

    **B.**    **The Government did not violate the grand jury process set forth by The Right to Financial Privacy Act (RFPA).**

Pierre, Torh and Tervil argue that their statutory rights under the RFPA were violated by the Government's misuse of grand jury subpoenas during its investigation. ECF Nos. 123, 125 and 127.

---

[1] Torh does not make a Fourth Amendment argument. ECF No. 125 at 3-8.

The Government argues that it complied with the requirements set forth in the RFPA. ECF No. 129 at 8. The Court agrees.

In response to *United States v. Miller*, Congress passed the RFPA, 12 U.S.C. § 3401, et seq. The Act establishes limits on the circumstances under which financial institutions can lawfully disclose bank records. 12 U.S.C. § 3402. Although the Act establishes statutory rights to privacy of an individual's financial records, it also permits Government seizure of such records when necessary as part of the Government's legitimate law enforcement activity. 12 U.S.C. § 3406-07 and § 3413. Notably, the Act does not contemplate suppression of financial records obtained by the Government in violation of the Act. *United States v. Kington*, 801 F.2d 733, 737 (5th Cir. 1986) ("Congress was surely cognizant that in *Miller* the Court denied suppression as a remedy for a purported Fourth Amendment violation. It's failure to change the effect of *Miller* is strong evidence that Congress did not intend such a remedy.") Thus, even if the Court were to conclude that the Government violated the Act, the remedy sought by Defendants is not available under the RFPA. Nevertheless, the Court will briefly address the Defendants' specific arguments about how the Government's investigation violated their rights under the Act.

Pierre, Torh and Tervil argue that the Government violated the RFPA in several ways, including: (1) failing to seek judicial approval to delay notice to the customer pursuant to 12 U.S.C. § 3409; (2) holding the records beyond the 90-day delay provided by 12 U.S.C. § 3409; (3) not reporting the evidence seized to a sitting grand jury for the duration of the two-year investigation; and (4) using the seized records in support of a warrant application. The Defendants also argue that the Government abused the grand jury process because there is no evidence that members of the grand jury made the decision to issue the subpoenas. All of these arguments are without merit.

First, the Defendants cite to no authority for the proposition that the notice requirement set forth in 12 U.S.C. § 3409 applies to cases where grand jury subpoenas are used to obtain information from a financial institution. As noted by the Government, 12 U.S.C. § 3413(i) explicitly states "[n]othing in this chapter (except sections 3415 and 3420 of this title) shall apply to any subpoena or court order issued in connection with proceedings before a grand jury . . . ." *See also In re Grand Jury Subpoena*, 41 F. Supp. 2d 1026, 1032 (D. Alaska 1999) (citing § 3413(i) for the conclusion that "federal grand jury subpoenas were specifically exempted from the provisions of the RFPA requiring notice to customers and an opportunity for them to challenge a request for financial records."). Moreover, section 3420 specifically prohibits notification of any person named in a grand jury subpoena under certain circumstances. "No officer, director, partner, employee, or shareholder of, or agent or attorney for, a financial institution shall, directly or indirectly, notify any person named in a grand jury subpoena served on such institution in connection with an investigation relating to a possible—(A) crime [ ]; or (B) conspiracy to commit such a crime." 12 U.S.C. § 3420(b)(1). The Court concludes that the notice provision set forth in section 3409 does not apply to the grand jury procedures under section 3420.

The Defendants arguments relating to the Government's alleged abuse of the grand jury process also fail. Pierre, Tohr and Tervil argue, in general terms, that the Government abused the grand jury process because no grand jury actually issued the subpoenas. Again, the Defendants cite no authority for this argument. The Court's review of related case law demonstrates consensus that the Government's action in this case did not abuse the grand jury process. "It is now the United States Attorney who gathers the evidence for later presentation to the grand jury." *United States v. Kleen Laundry & Cleaners, Inc.*, 381 F. Supp. 519, 521 (E.D.N.Y 1947). "Though the grand jury

5

may request evidence, the function of issuing process to obtain it belongs to another. It is the prosecutor who has the initiative and power by subpoena to bring proof to the courthouse." *Id.* at 522 (citing *United States v. Thompson*, 251 U.S. 407, 413 (1920)); *see also United States v. Santucci*, 674 F.2d 624, 627 (7th Cir. 1982) (noting that prior authorization of a grand jury subpoena from a grand jury itself is not necessary).

More specifically, the Defendants argue that the Government violated the grand jury procedures set forth by section 3420 of the RFPA by not returning the records obtained by the subpoenas to the sitting grand jury. *E.g.* ECF No. 125 at 5 ("The subpoena was issue[d] two years before the grand jury was called and the government never turned the information over to the grand jury.") 12 U.S.C. § 3420(a) provides, in its entirety:

> (a) Financial records about a customer obtained from a financial institution pursuant to a subpena[2] issued under the authority of a Federal grand jury—
>
> (1) shall be returned and actually presented to the grand jury unless the volume of such records makes such return and actual presentation impractical in which case the grand jury shall be provided with a description of the contents of the records;
>
> (2) shall be used only for the purpose of considering whether to issue an indictment or presentment by that grand jury, or of prosecuting a crime for which that indictment or presentment is issued, or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure, or for a purpose authorised by section 3412(a) of this title;
>
> (3) shall be destroyed or returned to the financial institution if not used for one of the purposes specified in paragraph (2); and
>
> (4) shall not be maintained, or a description of the contents of such records shall not be maintained by any Government

---

[2] Spelling used in original.

>authority other than in the sealed records of the grand jury unless such record has been used in the prosecution of a crime for which the grand jury issued an indictment or presentment or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure.

The Government notes that the information collected by grand jury subpoena in this case was summarized and presented to the grand jury sitting on May 21, 2013. The Government argues this was consistent with § 3420(a)(1), which provides that a description of the contents in the record suffices when the volume of information gathered makes the return of all records impractical. ECF No. 129 at 8. The Defendants do not dispute that the statute permits the Government to offer a summary of the records collected to a grand jury; rather, they contend that the returns should have been reported out to the grand jury that was sitting when the subpoenas were executed. Defendants cite no authority for this proposition and the Court has found none. "[On its face], the statute does not specify any time frame during which the Government is required to return subpoenaed bank records to the grand jury." *United States v. Jackson*, 11 F.3d 953, 955 (10th Cir. 1993). Because multi-year criminal investigations are common—and in light of the Court's conclusion that U.S. Attorney's have the authority to issue grand jury subpoena's without first receiving approval from a grand jury—the Court declines to find use of "the" grand jury as indicative of Congress' intent that information obtained by grand jury subpoena must be presented to the grand jury sitting at the time of the subpoena's execution.

Finally, Tervil argues that the Government wrongfully and "unashamedly used [the records seized] to support its application for a warrant to seize Defendant's assets from the account they had just discovered . . . ." ECF No. 127 at 5. Tervil is incorrect. Section 3402(a)(2) authorizes use of records obtained by grand jury subpoena for purposes "authorized by Rule 6(e) of the Federal Rules

of Criminal Procedure. In turn, Rule 6(e)(3)(A)(i) permits disclosure of otherwise prohibited information to "an attorney for the government for use in the performance of such attorney's duty." Applying for and executing search warrants is a central duty of all federal prosecutors. *Jackson*, 11 F.3d at 955 (Section 3240 "does not prohibit the Government from using the subpoenaed bank records to obtain a search warrant before returning those records to the grand jury."). The Government did not violate the RFPA by using information obtained by the grand jury subpoenas in support of a warrant application.

In sum, the Government's investigation and use of grand jury subpoenas did not violate the RFPA, and regardless, suppression of evidence is not a remedy afforded by the Act.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Pierre, Tohr and Tervil's motions to suppress financial information (ECF Nos. 94, 105 and 107) be **DENIED**.

DATED: December 23, 2013                *s/Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 13, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 13, 2014,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.